## A. McClure's Exrx. v. Commonwealth.

Criminal Law — Misdemeanor — Sureties on Bond — Liability for Fine and Costs — Recognizance.

> In misdemeanor cases, the object in requiring bail, being to secure the performance of any judgment which may be rendered against the offender, it is error to render judgment for an amount greater than the fine imposed, and costs of court, not exceeding the amount of the recognizance. And the court may order any money deposited agreeably in the line of such bail, to be applied to the payment of such fine and costs.

APPEAL FROM M'CRAKEN CIRCUIT COURT.

May 31, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

In misdemeanor cases the object of requiring bail is to secure the performance of any judgment which may be rendered against the offender. And as the fine imposed is, or should be regarded, as the measure of the injury sustained by the Commonwealth for a violation of her laws in the particular case in which it is imposed, it would seem that all that could be required of the surety or could be properly adjudged against him when the defendant had failed to surrender himself in execution of the judgment rendered against him would be for the amount of the fine imposed, and the costs of the prosecution, not, of course, exceeding the amount of the recognizance. And this view seems to harmonize with the spirit and intention of the Criminal Code, for in section 87 it provides that upon a judgment being rendered against a defendant, for a fine and costs, the court rendering the judgment may order any money deposited agreeably to the foregoing sections to be applied to the payment thereof;" the money referred to as being deposited is where money has been deposited under section 84, Criminal Code, in line of bail.

If, of the money deposited by the defendant, only so much can be applied by the court having the custody thereof as will be required to pay the judgment for the fine and costs, there can be no good reason for making the surety in the bail bond pay any more. Wherefore, the judgment is reversed, and the cause remanded to award a new trial and for further proceedings consistent herewith.

*Yeiser,* for Appellant.